THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFRIES QUANTEZ BUTTS,<br><br>Plaintif,<br><br>v.<br><br>STATE OF MISSISSIPPI, *et al.*,<br><br>Defendants. | CASE NO. C25-1669-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's response (Dkt. No. 10) to the Court's order to show cause (Dkt. No. 9). Based on that response, the Court finds good cause[1] to transfer this case to the District Court for the Southern District of Mississippi[2] (rather than dismiss it for

[1] A court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted). A motion to transfer venue requires a court to weigh multiple factors in its determination whether transfer is appropriate, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99.

[2] More specifically, cases brought against the State of Mississippi should be filed in the Southern District of Mississippi's Northern (Jackson) Division.

improper venue) pursuant to 28 U.S.C. § 1404(a). The Clerk is DIRECTED to so transfer the case as noted above.

DATED this 24th day of September 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE